IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:21-cr-01 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| RICKY MASON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Before the Court are two motions in limine filed by defendant Ricky Mason ("Defendant") on April 24, 2023: (1) "Motion *in Limine* to Exclude Out-of-Court Statements of Confidential Informant Purporting to Communicate with 'SY'[,]" (ECF No. 177); and (2) "Motion *in Limine* to Exclude Jail Calls, a Text Message Communication of 6/22/20, and Certain Video Surveillance Evidence[.]" (ECF No. 178). These motions reference and incorporate a "Notice of Proposed Redactions to Video-Surveillance Evidence[,]" also filed by Defendant on April 24, 2023. (ECF No. 172). On May 1, 2023, the United States of America (the "Government") filed its Omnibus Response to Defendant's motions in limine. (ECF No. 188).

For the following reasons, the Court holds as follows: first, the motion at ECF No. 177 is **GRANTED IN PART** and **DENIED IN PART**. And second, the motion at ECF No. 178 is **GRANTED IN PART** and **DENIED IN PART**.

I.   **LEGAL STANDARD**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). On a motion in limine, evidence should only be excluded "when

the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions in limine prior to trial." *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-CV-859, 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Furthermore, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context." *Tartaglione*, 228 F. Supp. 3d at 406. "Further, a trial court's ruling on a motion in limine is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

II.   **DISCUSSION**

On January 27, 2021, the Government charged Defendant with drug trafficking offenses at Counts Three, Four, Five, and Six of the Indictment. (ECF No. 3). Defendant was charged alongside two codefendants, who have since pleaded guilty to their own charges. (ECF Nos. 140, 154). Defendant's trial in this matter is set to begin on May 8, 2023, (ECF No. 160), and Defendant filed motions in limine at ECF Nos. 177 and 178 in anticipation of this trial. The Court will address each of these motions in turn.

    a.   **ECF No. 177**

Defendant's motion at ECF No. 177 will be granted in part and denied in part. Of the four statements that Defendant seeks to exclude, three are part of introductory "preambles" to recorded set-up calls between a confidential Government informant and certain co-defendants (the identities of whom are in dispute). These preambles are inadmissible hearsay and the Court will bar admission of both the preamble statements mentioned in Defendant's filing at ECF No. 172 and all other parts of the preambles recorded in connection with this matter. The Court will not exclude the remaining statement not occurring in a preamble.

Defendant asks the Court to exclude "multiple out-of-court statements" by a now-deceased confidential informant (the "CI") which "purport[] to communicate with someone by the alias of Sy." (ECF No. 177 at 2–4). Defendant elaborates:

> The Government's CI linked someone he referred to as Sy to the hand-to-hand drug transactions that are the subject of Counts 3, 4, and 5. The CI was the sole person capable of identifying Sy. Based on pretrial discovery, law enforcement did not independently make an identification of Sy. Seemingly, law enforcement made an identification of [Defendant] as "Ricky Mason," . . . [b]ut law enforcement did not independently know Mr. Mason as Sy. Only the CI was capable of offering that link.

(*Id.* at 4). Defendant argues that these out-of-court statements are hearsay and excludable under Federal Rules of Evidence 801(c) and 802. (*Id.* at 5) (citing FED. R. EVID. 801(c), 802).[1]

Accordingly, Defendant seeks redaction of the following four CI statements mentioning "Sy," which he lists separately in his filing at ECF No. 172:

(1) Statement from June 18, 2020: "That was Sy[;]"
(2) Statement from June 18, 2020: "Sy said yesterday, 'Two or three days[;]'"

---

[1] Pursuant to Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." FED. R. EVID. 802. Federal Rule of Evidence 801(c) defines the term "hearsay" as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(1)–(2).

(3) Statement from June 22, 2020: "We'll now make a recorded call to Sy . . . ;" and
(4) Statement from June 22, 2020: "I think it's Sy that's there. I think it's Sy. . . ."

(ECF No. 172 at 1; ECF No. 177 at 5). Statements (1), (3), and (4) occur in preambles recorded by the CI "prior to making the actual call setting up the narcotics transaction." (ECF No. 188 at 6). (*See also id.* at 6–7) (the Government stating that "all of the preambles associated with the set-up calls for the hand-to-hand transactions" include Statements (1), (3), and (4)). In contrast, Statement (2) did not occur in a preamble, but was instead "part of a conversation between the [CI] and a co-conspirator . . . ." (*Id.* at 10).

The Government asserts that it "is not offering the statements of the deceased confidential informant for the truth of the matter, but to provide . . . context to the conversations the informant had with law enforcement, the Defendant, and the co-defendants in this case, as well as for their effect on the listener of the statements." (ECF No. 188 at 8–9). The Court agrees that the reference to "Sy" in Statement (2) can be offered to give necessary context to the co-defendant's response, rather than for the truth of the matter asserted. Statement (2) is not hearsay, and the Court finds no basis for excluding it.[2]

However, the three preamble statements were not made during any conversation with Defendant or one of his co-defendants. These statements thus could not have had any effect on a relevant listener for which they could be offered, and they also cannot provide any context necessary for understanding admissible statements made during the transactions. These preamble statements can be offered only for the truth of the matter asserted—the matter being

---

[2] The Court bases this holding on the Government's representation that Statement (2) "is not being presented for its truth but to give context to the conversation and to show how the co-defendant reacted and responded[.]" (ECF No. 188 at 10). This holding is subject to change if the Government ultimately does offer this statement at trial for the truth of the matter asserted. *See Tartaglione,* 228 F. Supp. 3d at 406.

4

the identity of the individual with whom the CI was transacting. Statements (1), (3), and (4) are hearsay, and the Government does not argue that a hearsay exception makes them admissible. The Court will exclude these statements on that basis.[3]

The Court also agrees with the Government that excluding these statements mentioning "Sy" while allowing Defendant to offer other parts of set-up call preambles referencing co-defendants would likely mislead the jury. The Court will exclude those other preamble segments as well, but for a different reason: like the preamble statements identifying "Sy," these other preamble statements are inadmissible hearsay because they can only be offered here for the truth of the matter asserted. For his part, Defendant has not offered a basis for excepting these statements from the general hearsay prohibition, and the Court finds none that is applicable. The Court will therefore bar both parties from offering any statement made by the CI in his set-up call preambles.

b. ECF No. 178

In his motion at ECF No. 178, Defendant seeks exclusion of three additional pieces of evidence: (1) post-Indictment jail calls made by Defendant that could potentially provide "the

---

[3] The Confrontation Clause offers an independent basis for excluding these statements. This Sixth Amendment clause guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Pointer v. Texas*, 380 U.S. 400, 403 (1965) (citing U.S. CONST. amend. VI). As the Government acknowledges, (ECF No. 188 at 8), the Third Circuit has suggested that statements by confidential informants are testimonial in nature because they work with the Government "for the very reason of obtaining evidence against [a defendant] for use in the Government's investigation and prosecution[.]" *U.S. v. Hendricks*, 395 F.3d 173, 182 (3d Cir. 2005). Because Statements (1), (3), and (4) are hearsay, it would violate Defendant's rights under the Confrontation Clause to allow their introduction without making their out-of-court declarant available for cross-examination. Of course, the Confrontation Clause also does not bar admission of Statement (2) because that clause "protects the defendant only against the introduction of testimonial hearsay statements[.]" *U.S. v. Berrios*, 676 F.3d 118, 126 (3d Cir. 2012) (citing *Davis v. Washington*, 547 U.S. 813, 823–24 (2006)) (emphasis omitted).

critical link that the CI's dealings must've been with [Defendant,]" (ECF No. 178 at 1–2); (2) a text message sent on June 22, 2020, from the CI to the phone number 814-341-6649, reading "I am in the alley on I sy[,]" (*id.* at 2–4); and (3) the "other out-of-court statements" referenced in ECF No. 172, as well as the descriptors of each surveillance video referenced therein. (*Id.* at 4–5). Defendant challenges the admissibility of these pieces of evidence under Federal Rule of Evidence 403, which allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

For the following reasons, the Court will grant Defendant's motion at ECF No. 178 as to the video surveillance descriptors and deny it as to all other pieces of evidence that Defendant seeks to redact therein.

### i. Jail Calls

Defendant argues that the probative value of his jail calls for establishing his alias as "Sy" is substantially outweighed by the danger of unfair prejudice created by (a) signaling to the jury that Defendant is incarcerated, and (b) providing evidence that is only probative to make sense of the text communication from June 22, 2020. (ECF No. 178 at 2). The Court finds these arguments unpersuasive.

Courts in the Third Circuit have generally declined to hold that indicia of a defendant's incarceration are unduly prejudicial where the indicia fall short of being "constant reminder[s] to the jury over the course of trial that the defendant is a prisoner." *U.S. v. Faulk,* 53 F. App'x 644, 647–48 (3d Cir. 2002) (internal quotations omitted). *See also U.S. v. Gadsden,* No. 09-CR-305, 2012 WL 4973412, at *5 (W.D. Pa. Oct. 17, 2012). This approach is taken to jail calls offered as evidence.

*United States v. Rodriguez*, No. 20-CR-1064, 2022 WL 1785450, at *3 (D.N.J. June 1, 2022) (finding testimony discussing jail call was not prejudicial because (1) "the relevant portion of [the] testimony was brief and did not explicitly reference the fact that [the defendant] was in jail[,]" and (2) "the Court issued a jury instruction which explicitly stated that the jury could not infer that [the defendant] was guilty based on the fact that he was incarcerated prior to trial.").

Based on this precedent, the Court finds that introduction of the jail calls would not create a risk of unfair prejudice that substantially outweighs this evidence's probative value. Use of Defendant's jail calls to establish that Defendant is "Sy" would not serve as a "constant reminder" to the jury of Defendant's imprisonment throughout trial, *Faulk*, 53 F. App'x at 647, and any risk of prejudice that this evidence creates could be mitigated through a jury instruction of the sort given by the District of New Jersey in *Rodriguez*. *See* 2022 WL 1785450, at *3. At the same time, insofar as this evidence ties Defendant to a phone utilized in transactions charged in the Indictment, (*see* ECF No. 188 at 2), this evidence would be highly probative. Defendant admits that this evidence is indeed "probative to make sense of the text communication of 6/22/20[,]" which the Court finds admissible in Section II.b.ii, *infra*. There is no basis for excluding this evidence under Rule 403.

    ii. **Message from June 22, 2020**

Defendant argues that the probative value of his text message from June 22, 2020, is substantially outweighed by a danger of "misleading the jury as to the identity of the user of the telephone number and flip phone without an adequate evidentiary foundation." (ECF No. 178 at 4). To support this argument, Defendant points to the facts suggesting that the flip phone and related number belonged to a co-defendant rather than to Defendant himself. (*Id.*).

7

Defendant mistakes evidence that is "not definitive," (ECF No. 178 at 3), for evidence that is unduly misleading. It is a core function of the jury to hear presentations of evidence and make factual findings based on that evidence, even if the evidence is conflicted or contested. But just because evidence is conflicted or contested does not make that evidence misleading to the jury. Like the jail calls, the text message from June 22, 2020, is highly probative because it ties Defendant to the alias "Sy," and Defendant has not offered a basis for the Court to conclude that the risk of this message misleading the jury substantially outweighs its probative value. The Court therefore finds no basis for excluding this evidence under Rule 403 either.

### iii. Other Statements & Descriptors

Lastly, Defendant seeks redaction of (a) the "other out-of-court statements" referenced in ECF No. 172, and (b) "the video descriptors for each video." (ECF No. 187 at 4–5). The Court denies Defendant's request to redact the former but will grant his request to redact the latter.

Setting aside the statements discussed in Section II.a, *supra*, "other" statements in ECF No. 172 must be the following:

(1) Statement from October 10, 2019, with description: "Irrelevant, inappropriate sexual chatter re: oral sex and multiple women[;]" and
(2) Statement from June 22, 2020, with description: "Irrelevant chatter and generalizations about women[.]"

(ECF No. 172 at 1). Defendant argues that these statements "are specifically or adequately described and their evidentiary basis for exclusion noted." (ECF No. 187 at 4). He also acknowledges, regarding the first statement, that "[a]rguably, between 8:13 and 8:25, there's relevant commentary related to using another woman's cash for 'the bundle' and 'rock.'" (ECF No. 172 at 1). The Government opposes exclusion of these statements on the basis of this relevant

8

commentary, which it notes are "clear drug related terms." (ECF No. 188 at 10). It also argues that "the simple fact that some offensive language may be present in the context of a conversation can simply be handled by a cautionary [jury] instruction if the Defendant desires one and the Court deems one necessary." (*Id.*).

The Court finds no proper basis to exclude these other statements under Rule 403. Neither party has argued that the offensive language can be separated out from the relevant drug-related commentary in the recording, and the Court finds for purposes of this memorandum opinion that this language cannot be removed without altering the substance of the conversation. Given this finding and the clear probative value of the drug-related commentary, the Court finds that the entire statements should be admitted. *See United States v. Price,* 13 F.3d 711, 720 (3d Cir. 1994) (holding that the admission of taped conversations with "extremely insulting and inflammatory" comments to members of the jury was not improper where it would have been virtually impossible to redact the offensive language without altering the substance of the conversations); *United States v. Whitaker,* 372 F. Supp. 154, 163–64 (M.D. Pa. 1974), *aff'd* 503 F.2d 1400 (3d Cir. 1974) (playing conversations with offensive language could not have been avoided without rendering recordings incomprehensible). Moreover, "any potential prejudice that possibly could result from the use of the offensive language can be minimized through voir dire and cautionary instructions during trial." *U.S. v. Colbert,* No. 08-CR-411, 2011 WL 3360112, at *12 (W.D. Pa. Aug. 3, 2011).

As for the video surveillance statement descriptors, Defendant argues that the probative value of these descriptors is substantially outweighed by their potential for "confusing the jury as to what's being shown—*e.g.,* 'Mason_Ricky_Buy_6-18-2020'—even if what's recorded doesn't

9

align with the description." (ECF No. 178 at 5).  The Court agrees that these descriptors have low probative value and could potentially mislead the jury.  Additionally, the Government does not appear to oppose this redaction in its omnibus brief at ECF No. 188.  The Court will therefore grant Defendant's request for redaction of the video surveillance statement descriptors.  *Sabol v. Allstate Property & Cas. Ins. Co.*, 309 F.R.D. 282, 285 (M.D. Pa. 2015) (deeming a motion in limine unopposed when nonmoving party did not provide response and barring admission of evidence accordingly).

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:21-cr-01 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| RICKY MASON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, on this 4th day of May, 2023, the Court having considered Defendant's motions in limine at ECF Nos. 177 and 178, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's motion at ECF No. 177 is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's request to exclude the three set-up call preambles discussed in the accompanying memorandum opinion is **GRANTED**, and Defendant's request to exclude the remaining statement that did not occur in a preamble (also as discussed in the accompanying memorandum opinion) is **DENIED**.

(2) All preambles to the confidential informant's set-up calls will be excluded in their entirety.

(3) Defendant's motion at ECF No. 178 is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's request for redaction of the video surveillance statement descriptors is **GRANTED**, and all other requests made in this motion are **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**